IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | Civil Action No. 8:06-1278-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Lt. John Brinkley, Guard MCI, MCI ) | |
| Grievance Coordinator, S.C. ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on cross motions for summary judgment [Docs. 22 & 25].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action seeking monetary damages. Principally, the plaintiff contends that he has been denied access to the courts and the state grievance process.

The defendant moved for summary judgment on July 12, 2006. By order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately

respond to the motion. On July 18, 2006, the plaintiff, instead of filing a response to the defendant's motion for summary judgment, filed a separate summary judgment motion.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine

2

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

Liberally construing the Complaint, the plaintiff claims that the defendants (1) refused to pick up his outgoing mail; (2) moved him from the bottom to the top bunk bed; and (3) failed to process his filed administrative grievances.[1] There are substantial

---

[1] Although the defendants prudently address other allegations that appear to surface in the plaintiff's motion for summary judgment, the Court finds that these are the only three claims reasonably implicated by the plaintiff's Complaint. Out of an abundance of caution, to the extent the plaintiff has pled a due process claim for the defendants' failure to give him substitute counsel at a disciplinary hearing, the claim must fail.

An inmate may only have substitute counsel "[w]here an illiterate inmate is involved" or when "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). The South Carolina Department of Corrections has promulgated a rule which complies with the due process requirements of *Wolff*. (Def. Mem. Supp. Summ. J. Ex. 5, SCDC Policy OP-22.14 8.1.) The plaintiff has not produced any evidence or argument whatsoever that he qualified for substitute counsel under the SCDC either because he has a physical or mental disability, he is illiterate, he was in segregation, the case is complex, or there was an unavailable witness. *Id.* Accordingly, no genuine issue of fact exists as to any such

3

procedural and substantive issues with the plaintiff's case. The Court, however, will deal briefly with the merits of the plaintiff's claims.

## I.  FAILURE TO PROCESS GRIEVANCES

First, the plaintiff has no federal claim for any failure by the defendants to properly process his administrative grievances, intentionally or otherwise. He alleges that he filed various Step 1 grievances that were either never responded to or which were returned to him unprocessed for an error with the form.[2] Regardless of the veracity of such allegations, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Even assuming the unidentified grievance coordinator violated SCDC grievance procedures, such actions do not state a claim which is actionable under Section 1983. *See Hendricks v. Galloway*, 2004 WL 3090229 (D.S.C. February 02, 2004); *see also Brown v. Dodson*, 863 F. Supp. 284 (W.D. Va.1994). A refusal of the state to process an administrative grievance will not prohibit a prisoner from seeking redress in Court for the underlying grievance, *see* 42 U.S.C. § 1997e(a); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); but he cannot seek redress for the refusal to process the grievance form itself, *Hendricks*, 2004

---

claim.

[2] The Court would note the peculiar explanation of the SCDC for why his July 22, 2005 grievance was unprocessed. Specifically, the grievance states that it is being returned "due to the form being upside down (bad copy)." (Pl. Mot. Summ. J. Ex. 7.) Even the copy submitted to the Court, appears legible. The point ultimately is of no relevance, however. The plaintiff has no federal claim based thereon.

WL 3090229.

## II.   ACCESS TO THE COURTS

The plaintiff's access to the courts claim must also fail. The plaintiff generally contends that the defendants failed to pick up his outgoing mail. He has not alleged any details nor produced any evidence concerning the contents of the mail, the recipient of the mail, or the purpose of the mail.

Most critically, the plaintiff has nowhere identified what injury he suffered as a result of the alleged failure of the defendants to take his mail. He certainly has not produced evidence creating an issue of fact as to such. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). But such a claim fails where the prisoner has alleged "no specific problem . . . and . . . no actual injury or specific harm which has resulted to him . . ." *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993). As stated, the plaintiff has not even filed a response to the defendants' argument in this regard. But nowhere in either his Complaint or his own separate motion for summary judgment does he ever even allege a legally cognizable consequence to the alleged failure of the defendants to pick up his mail. He has alleged no consequence whatsoever.

## III.   BUNK ASSIGNMENTS

Finally, the plaintiff alleges that he was wrongfully moved from a bottom to a top

bunk bed. The plaintiff has not identified, and the Court is unaware, of any basis in federal law for his claim concerning his reassignment to a top bunk. Under no reasonable understanding of the phrase could the assignment to the top bunk be considered "cruel and unusual punishment" on the facts of this case. *See Shakka v. Smith,* 71 F.3d 162, 165-66 (4th Cir. 1995). The plaintiff has alleged no physical or mental condition that would be aggravated by such an assignment. In fact, he expressly argues that there was no medical condition at issue in regards to his reassignment. The plaintiff has not pled any other facts or proffered any evidence creating a genuine issue of fact in regards to a claim that his bunk reassignment constitutes cruel and unusual punishment. In fact, he has not produced evidence of any injury whatsoever from such a reassignment. It is clear that he is simply unhappy with it, as a matter of preference. His preference, in this regard, however, is simply not of any constitutional or legal relevance.

The plaintiff also summarily contends that certain defendants acted with discriminatory intent in regards to the reassignment. There is literally no evidence of such animus but simply the plaintiff's rote speculation.

The plaintiff has failed to respond at all to the persuasive arguments and evidence submitted by the defendants in conjunction with their motion for summary judgment. His own motion for summary judgment fails either to create issues of fact for trial or to demonstrate that no genuine issues of fact exist such that his claims should be granted as a matter of law.

**IV. State Law Claims**

Having dismissed the plaintiff's federal claims against the defendant, the Court declines to exercise jurisdiction over the whatever state law claims the plaintiff may have against the defendant. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment be GRANTED [Doc. 22] and the plaintiff's Motion for Summary Judgment be DENIED [Doc. 25]. It is further RECOMMENDED, however, that the defendants' request for dismissal pursuant to 28 U.S.C. § 1915 be DENIED.

It is so RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 15, 2007
Greenville, South Carolina