IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | |
| ) | C/A No. 8:06-1278-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Lt. John Brinkley, Guard MCI, MCI ) | |
| Grievance Coordinator, South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Hayward Leon Rogers in an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff currently is housed at McCormick Correctional Institution (MCI) in McCormick, South Carolina. Plaintiff originally brought this action in state court on March 17, 2006, asserting that Defendants violated his constitutional rights in various respects. Defendants removed the action on April 28, 2006 on the basis of federal question jurisdiction. Plaintiff's claims arise under 42 U.S.C. § 1983.

This case currently is before the court on motion for summary judgment filed by Defendants on July 12, 2006. By order filed July 13, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a return and motion for summary judgment on July 18, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On February 15, 2007, the Magistrate Judge issued a Report and Recommendation in which she recommended that

Defendants' motion for summary judgment be granted as to Plaintiff's federal claims.[1] Plaintiff filed objections to the Report and Recommendation on February 26, 2007 and March 5, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. DISCUSSION

Plaintiff asserts three claims: (1) that his outgoing mail was not collected for three days while he was on lockdown status, so that he was denied access to the courts; (2) that his right to due process was violated because he was not allowed to appeal a disciplinary conviction for use or possession of narcotics, marijuana or unauthorized drugs; and (3) that Defendant Brinkley changed Plaintiff's bunk assignment from the bottom to top bunk and, when Plaintiff complained, Brinkley retaliated by refusing to give Plaintiff a job.

As an initial matter, it appears that Plaintiff's has not administratively exhausted his claims as required by 42 U.S.C. § 1997e(a). An affidavit provided by Mary Coleman, SCDC's Chief of the

---

[1] The Magistrate Judge also recommended that the court decline to exercise jurisdiction over any state law claims and that the case be dismissed to allow Plaintiff to refile such claims in state court. The court notes that the proper remedy would be to remand any state law claims, since the case was removed from state court. In any event, Plaintiff's claims all appear to arise under § 1983. Therefore the court concludes that further disposition of the complaint by a state court is not necessary.

2

Inmate Grievances Branch, provides that Plaintiff filed a grievance on July 6, 2005 concerning his desire to appeal his disciplinary conviction; however, the grievance was returned to Plaintiff with instructions to complete a new form and resubmit it within five days. According to Coleman, the grievance was closed because Plaintiff did not resubmit the form. Coleman further avers that Plaintiff did not file a grievance with respect to his legal mail. As to Plaintiff's allegation that Defendant Brinkley reassigned him to the top bunk, the grievance was returned unprocessed because it was untimely. A second grievance as to the bunk reassignment was returned unprocessed because it was untimely, but the form also included an explanation that the cell assignments are non-grieveable. The Magistrate Judge nevertheless addressed the merits of Plaintiff's contentions.

Plaintiff objects to the "entire Report and Recommendation of the Magistrate Judge" on the grounds that the Magistrate Judge purportedly failed to address Plaintiff's claim that he was denied the right to appeal. In the court's view, Plaintiff's claim regarding his appeal is encompassed in the Magistrate Judge's discussion of SCDC's grievance procedures. Plaintiff further contends that Defendants are not entitled to summary judgment because their motion was untimely. A review of the record demonstrates that the Magistrate Judge granted Defendants an extension of time until July 12, 2006 to file dispositive motions; accordingly, Defendant's motion was timely filed. (Entry 17.)

Plaintiff's specific objections to the Report and Recommendation are discussed below.

A.     Legal Mail

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff was not denied the right of access to the courts when prison officials failed to pick up outgoing mail for three days. The court disagrees. Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). To prove a violation of the right

3

of access to the courts, Plaintiff must show "(1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers . . . and (2) some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation."  See Alston v. DeBruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1974) (internal quotations omitted).  In this case, Plaintiff failed to allege any facts demonstrating that Defendants impeded his access to the courts by failing to timely post his legal mail.  Plaintiff states that he had three civil actions pending in state court and one federal action pending at the time complained of.  However, Plaintiff does not allege any facts that "go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim."  Lewis v. Casey, 518 U.S. 343, 351 (1996).  Plaintiff's claim is without merit.

B.      Right to Appeal

Plaintiff contends that the Magistrate Judge failed to address his allegation that he was denied the right to appeal his disciplinary decision..  According to Plaintiff , the Grievance Coordinator denied him due process by failing to process a Step-1 grievance form requesting an appeal.  The court disagrees.

Certain procedural due process requirements apply with respect to a prison disciplinary proceeding.  These are:  (1) written notice of the claimed violation at least twenty-four hours prior to a hearing; (2) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken; (3) the prisoner's right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; (4) the right to a counsel substitute where an illiterate inmate is involved, or where the complexity of the issue makes it unlikely that the inmate will be able to

4

collect and present evidence; and (5) an impartial factfinder. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). Wolff does not mandate the right to appeal a disciplinary decision.

Plaintiff essentially asserts an entitlement to the SCDC grievance procedure that allows an inmate to dispute a disciplinary action. As the Magistrate Judge properly noted, the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing cases). Because he has no Constitutional right to a grievance procedure, Plaintiff fails to state a cognizable claim under § 1983. Plaintiff's objection is without merit.

C.     Bunk Reassignment

Plaintiff raises no specific objections to the Magistrate Judge's determination that Plaintiff's reassignment to a top bunk did not violate the Eighth Amendment. In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has thoroughly reviewed the record and agrees with the Magistrate Judge's determination. In order to make out an Eighth Amendment claim relating to conditions of confinement, a plaintiff must establish (1) a serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993). A plaintiff must also produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. Id. at 1381. Plaintiff's contention that he was subjected to cruel and unusual punishment because he was moved to the top bunk is without merit.

5

## II. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated in this order and in the Report and Recommendation, Defendants' motion for summary judgment (Entry 22) is **granted** and Plaintiff's motion for summary judgment (Entry 25) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 14, 2007

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**